IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAN REYES-RODRIGUEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv183 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Adan Reyes-Rodriguez, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss, or in the alternative, motion for summary judgment (doc. no. 4). As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d).

Factual Background

On March 9, 2021, Officer E. Levias wrote incident report number 3481784. In the incident report, petitioner was charged with possession of a hazardous tool. Petitioner appeared before the Unit Discipline Committee ("UDC") on March 10. At the conclusion of that hearing, the UDC determined petitioner should appear before a Discipline Hearing Officer ("DHO").

A DHO conducted a disciplinary hearing on March 17. Petitioner was found guilty of the offense with which he was charged. The following punishment was assessed: (a) loss of phone and commissary privileges for 3 months and (b) forfeiture of 41 days of good conduct time. The DHO described the evidence and explained her finding of guilty as follows:

> The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did not want a staff representative, did want to call witnesses and had no documentary evidence to present. The inmate understood his due process rights and was ready to proceed with the disciplinary process.
>
> On 03/09/202 I, Officer E. Levias, was assigned to MA unit. At approximately 9:30 am I was in the process of conducting a pat search on Inmate Reyes-Rodriguez, Adan, . . . . I observed Inmate Reyes-Rodriguez place an unknown object inside of his pants while standing inside cell 218. I ordered Inmate Reyes-Rodriquez to give me the object. He complied. Inmate Reyes-Rodriguez gave me a Silver LG cell phone. Inmate Reyes-Rodrigutz was identified by the MA unit roster. Let it [be] noted Inmate Gonzalez, Christian . . . stated that the LG cell phone belonged to him.
>
> You appeared before the DHO and made the following statement: "I had it in my hand when staff came up and I gave it to them. It wasn't mine though."
>
> You requested Inmate Gonzalez, Christian . . . as a witness. Mr. Gonalez appeared in person at your DHO hearing and made the following statement: "The phone was mine. Mr. Chambers was wrong, that was my cell he was in. I'm not trying to get nobody in trouble for what is mine.
>
> While the DHO took into consideration statements made by both you and your witness, the DHO cannot deny the cell phone was found in your possession by staff at the time it was recovered. Based upon the evidence presented, the DHO is convinced that Inmate Reyes-Rodriguez, Adan . . . did commit the prohibited act of possession of a cell phone and or electronic device in violation of code 108. Staff was [conducting] a search of your person after observing you place an unknown object inside your pants. Staff ordered you to produce the object which was identified as a LG cell phone. While the DHO took into consideration inmate Gonzalez, Christian . . . claimed the cell phone belonged to him, the actual charge is " possession" of a cell phone and staff recovered the phone while it was in your "possession." The DHO took into consideration the photo as well as the chain of custody . . . form as well as your own admission to being in possession of the cell phone and finds you guilty. Possession and having knowledge of a cell phone inside a correctional institution is in direct violation of the rules of this facility and will not be tolerated.

(doc. no. 4-1, pp 7-8).

Grounds for Review

Petitioner asserts the following grounds for review: (a) the incident report was not signed by the charging officer; (b) the UDC report referring the matter to a DHO was not signed by the chairman of the UDC; (c) the report of the investigation conducted was not signed by the investigating officer was not signed and (d) there was insufficient evidence to support the disciplinary conviction.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party. " *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law. " *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

favorable to the non-moving party, no reasonable [finder of fact] could [find in favor of] that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

### Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). In *Wolff*, the Supreme Court concluded that inmates are entitled to: (1) written notice of the charges at least 24 hours before the hearing; (2) a written statement of the fact-finder regarding the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence on their own behalf at the disciplinary hearing. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question for the court is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 874, 877 (5th Cir. 2001). "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

*Procedural Grounds for Review*

Initially, petitioner complains that the incident report, the UDC report and the report of the investigating officer were not signed by the appropriate officials.

As described above, the decision in *Wolff* established the procedural protections an inmate is entitled to before receiving a disciplinary conviction that results in the loss of good conduct time credits. *Wolff* does not require that any of the reports described by petitioner be signed. Petitioner does not contend he failed to receive any of the procedural protections set forth in *Wolff*.

Moreover, even if it could be concluded petitioner's right to due process was violated because certain reports were not signed, he would still not be entitled to relief. In order to prevail in a federal habeas proceeding, an inmate who alleges he has been denied a particular procedural safeguard must show the denial prejudiced his defense. *Brecht v. Abrahmson*, 507 U.S. 619, 637-38 (2007). This standard applies to prison disciplinary hearings. *White v. Adams*, 405 F. App'x 265, 266 (9th Cir. 2010) (applying the *Brecht* standard to a challenge to a prison disciplinary conviction). To demonstrate prejudice, a petitioner must show the error had a substantial and injurious effect or influence in determining the proceeding's outcome. *Brecht*, 507 U.S. at 623.

Petitioner makes no attempt to explain how certain reports not being signed made it more difficult for him to defend himself at the disciplinary hearing. As a result, petitioner has not shown that the reports not being signed had a substantial and injurious effect or influence on the result on the proceeding. This ground for review is therefore without merit.

*Insufficient Evidence*

Petitioner states that the photograph of the cell phone admitted into evidence failed to show the phone's serial number. He also states that the chain of custody form included another inmate's identifying information. As a result, petitioner contends there was insufficient evidence to support the disciplinary conviction.

The DHO's description of the evidence is set forth above. The incident report stated that the charging officer observed petitioner in possession of a cell phone. The contents of an incident

report, standing alone, constitute some evidence of guilt. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Moreover, petitioner admitted at the DHO hearing that he had the cell phone in his hands when staff members approached him. As stated above, a disciplinary conviction will be overturned on federal habeas review only where there was no evidence to support the finding of guilty. Here, the charging officer's statements in the incident reports, as well as petitioner's admission, constituted some evidence of guilt. Petitioner's assertion that there was insufficient evidence to support the disciplinary conviction is therefor without merit.

## Conclusion

For the reasons set forth above, there is no genuine dispute of material fact as to whether any of petitioner's grounds for review provide him with a basis for relief and the respondent is entitled to judgment as a matter law. The motion for summary judgment should therefore be granted.

## Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 30th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge